WILLIAM A. D'ALTON
D'ALTON LAW FIRM, P.C.
222 North 32nd Street, Suite 903
P.O. Drawer 702
Billings, MT 59103-0702
Tel (406) 245-6643
Fax (406) 245-6693
E-mail:  bill@daltonlawpc.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| MIKE ANDERSON, individually and on behalf of similarly situated persons, ) ) ) | |
| Plaintiff, ) | Case No. _____ |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| MOUNTAIN VIEW PIZZA CO., BLACK HILLS PIZZA, INC., and CHOOSE THE RIGHT PIZZA, LLC, ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Mike Anderson, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against defendants Mountain View Pizza Co., Black Hills Pizza, Inc., and Choose the Right Pizza, LLC, alleges as follows:

1.  Defendants together operate at least 17 Papa John's Pizza franchise stores in Montana, Colorado, Idaho, South Dakota and Washington. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to Defendants' customers. Instead of reimbursing drivers for the reasonably

approximate costs of the business use of their automobiles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the applicable minimum wage during some or all workweeks (nominal wages – unreimbursed vehicle costs = subminimum net wages).

2.  Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a class action under the Montana Minimum Wage and Overtime Compensation Act ("MMWOCA"), MCA § 39-3-401 *et seq.,* to recover unpaid minimum wages owed to himself and all similarly situated delivery drivers employed by Defendants at their Papa John's stores.

### Jurisdiction and Venue

3.  The FLSA authorizes court actions by private parties to recover damages for violation of their wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4.  The MMWOCA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's MMWOCA claim is based on MCA §§ 39-3-407 & 39-3-207 and 28 U.S.C. § 1367 (pendent claims).

5.   Venue in this District and Division is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District and Division, Defendants employed Plaintiff in this District and Division, Defendants operate Papa John's franchise stores in this District and Division, and a substantial part of the events giving rise to the claim herein occurred in this District and Division.

## Parties

6.   Defendant Mountain View Pizza Co. is a Montana corporation maintaining its principal place of business at 225 2nd Street South, Suite 2, Great Falls, Montana, 59405, which, together with the other Defendants, has operated a chain of Papa John's Pizza stores during times relevant, including stores within this District and Division.

7.   Defendant Black Hills Pizza, Inc. is a South Dakota corporation, which together with the other Defendants, have operated a chain of Papa John's Pizza stores during times relevant, including stores within this District and Division.

8.   Defendant Choose the Right Pizza, LLC is a Colorado limited liability company, which together with the other Defendants, have operated a chain of Papa John's Pizza stores during times relevant, including stores within this District and Division.

9.   Defendants comprise a single integrated enterprise or single employer because they jointly operate a chain of approximately 17 Papa John's restaurants and they

maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

10. Alternatively and / or cumulatively, Defendants constitute joint employers as they share power to hire and fire medical couriers, supervision and control of their work schedule or conditions of employment, determination of their rate and method of payment and / or reimbursement, and maintenance of their employment records.

11. Alternatively and / or cumulatively, because the work performed by Plaintiff and other delivery drivers simultaneously benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer."

12. Plaintiff Mike Anderson has been employed by Defendants from approximately January 2015 to present as a delivery driver at their Papa John's Pizza store at 305 24th Street West, Billings, Montana. Plaintiff Anderson's consent to pursue this claim under the FLSA is attached to this Complaint as "Exhibit 1."

**General Allegations**

*Defendants' Business*

13. Defendants together own and operate approximately 17 Papa John's Pizza franchise stores in Montana, Colorado, Idaho, South Dakota and Washington.

14. Defendants' Papa John's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

**Defendants' Flawed Automobile Reimbursement Policy**

15. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

16. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

17. Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the per-mile reimbursement equates to far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

18. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

19. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate has ranged between $.535 and $.575 per mile. Likewise,

reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a sedan between $.531 and $.58 per mile between 2015 and 2018 for drivers who drive a sedan approximately 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

20. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

21. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

22. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and their other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

23. Defendants fail to reasonably approximate the amount of their delivery drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

24. In sum, Defendants' delivery driver reimbursement policy and methodology fail to reflect the realities of their drivers' automobile expenses.

***Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

25. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

26. Plaintiff Anderson has been precisely the Montana minimum wage during his employment with Defendants.

27. The federal minimum wage has been $7.25 per hour since July 24, 2009.

28. Montana's hourly minimum wage was $8.05 in 2015 and 2016, $8.15 in 2017, and $8.30 in 2018.

29. Defendants did not ask Plaintiff Anderson to track his actual automobile expenses.

30. During Plaintiff Anderson's employment by Defendants, the per-delivery reimbursement rate at the store where he worked has been about $1.00 per delivery.

31. During his employment with Defendants, Plaintiff Anderson experienced an average round-trip delivery distance of about 6 miles per delivery.

32. Thus, Defendants' average effective reimbursement rate for Plaintiff Anderson was approximately $.167 per mile ($1.00 per delivery / 6 average miles per delivery).

33. During this same time period, the lowest IRS business mileage reimbursement rate has been $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using that IRS rate as a reasonable approximation of Plaintiff Anderson's automobile expenses, every mile driven on the job decreased his net wages by approximately $.368 ($.535 - $.167) per mile. Considering Plaintiff Anderson's estimate of approximately 6 average miles per delivery, Defendants under-reimbursed him about $2.21 per delivery ($.368 x 6 average miles).

34. During his employment by Defendants, Plaintiff Anderson typically averaged approximately 2 deliveries per hour.

35. Thus, Plaintiff Anderson consistently "kicked back" to Defendants approximately $4.42 per hour ($2.21 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $3.63 per hour in 2015 and 2016 ($8.05 - $4.42 "kickback"), about $3.73 per hour in 2017 ($8.15 - $4.42 "kickback"), and about $3.88 per hour in 2018) ($8.30 per hour - $4.42 "kickback").

36. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal or state minimum wage before deducting unreimbursed business expenses.

37. Because Defendants paid their delivery drivers a gross hourly wage at precisely, or at least very close to, the applicable federal or state minimum wage, and because the drivers incurred unreimbursed automobile expenses, the drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

38. While the amount of Defendants' actual reimbursements per delivery may vary over time and location, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their Papa John's stores. Thus, although reimbursement amounts may differ somewhat by time or location,

the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and location.

39. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of drivers' automobile expenses.

*Overall Result of Defendants' Wage and Hour Practices*

40. The net effect of Defendants' policies and practices alleged above is that they willfully fail to pay the federal minimum wage to their delivery drivers, and Defendants thereby enjoy ill-gained profits at the expense of their employees.

## Collective Action Allegations

41. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers who opt in to this case under 29 U.S.C. § 216(b).

42. Plaintiff, individually and on behalf of other similarly situated delivery drivers, seeks relief on a collective basis challenging Defendants' practice of failing to pay drivers federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and putative opt-in plaintiffs may be notified of the pendency of this action via mail.

43. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a.      They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.      They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.      Defendants required them to maintain their automobiles in a safe, legally-operable, and insured condition;

d.      They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.      They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.      They were subject to the same pay policies and practices of Defendants;

g.      They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h.      They were reimbursed similar amounts per delivery; and

i.      They were paid at or near the applicable minimum wage before deducting unreimbursed business expenses;

**Class Allegations**

44. Plaintiff brings Count II as a class action under Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons:

> All current and former delivery drivers employed by Defendants in the State of Montana since the date 180 days preceding the filing of this Complaint ("the Class").

45. The state law claim, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

46. Plaintiff's state law claim satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

47. The Class satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed across the state and, therefore, joinder of all members of the Class in a single action is impracticable.

48. Questions of law and fact common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

> a. Whether Defendant failed to pay wages to members of the Class as required by the MMWOCA;

b. Whether Defendants failed to reasonably reimburse members of the Class for using their own vehicles to deliver Defendants' pizzas and other food items;

c. Whether Defendants' formula and / or methodology used to calculate the reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the members of the Class; and

d. Whether Defendants failed to keep accurate records of deductions from Class members' wages in violation of Montana law.

49. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

50. Plaintiff's claim is typical of those of the Class in that:

a. Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

c. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

   d.  Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

   e.  Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

   f.  Plaintiff and the Class were subject to the same pay policies and practices;

   g.  Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the Montana minimum wage in some or all workweeks; and

   h.  Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery.

51. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

52. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

53. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## Count I: Violation of the FLSA
## by Under-Reimbursing Vehicle Costs

54. Plaintiff reasserts and re-alleges the allegations set forth above.

55. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

56. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

57. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

58. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

59. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

60. As alleged herein, Defendants have reimbursed their delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes their wages beneath the federal minimum wage.

61. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

62. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated delivery drivers.

63. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all driver employees in Defendants' stores.

64. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

65. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

66. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre- and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the Montana Minimum Wage and Overtime Compensation Act

67. Plaintiff reasserts and re-alleges the allegations set forth above.

68. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the MMWOCA. MCA § 39-3-401 *et seq.*

69. During all times relevant to this action, Defendants "employed" Plaintiff and all other Montana delivery drivers within the meaning of the MMWOCA. MCA § 39-3-402(2).

70. During all times relevant to this action, Plaintiff and all other Montana delivery drivers were Defendants' "employees" within the meaning of the MMWOCA. MCA § 39-3-402(3).

71. The unpaid compensation at issue in this litigation constitutes "wages" within the meaning of the MMWOCA. MCA § 39-3-402(7a).

72. The MMWOCA exempts certain categories of employees from Montana's minimum wage and other obligations, none of which apply to Plaintiff or the Class. MCA § 39-3-406.

73. The MMWOCA regulates, among other things, the payment of minimum wage by employers who employ any person in Montana, subject to limited exemptions not applicable herein. MMWOCA. MCA §§ 39-3-404 & 39-3-406.

74. Under the MMWOCA, employees were entitled to be compensated at an hourly rate of $8.05 in 2015 and 2016, $8.15 in 2017, and $8.30 in 2018. MCA § 39-3-409;      http://erd.dli.mt.gov/labor-standards/wage-and-hour-payment-act/minimum-wage-history.

75. Defendants, pursuant to their policy and practice, violated the MMWOCA by refusing and failing to pay Plaintiff and the Class Montana's minimum wage. *Id.*

76. Plaintiff and the Class are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy, in violation of the MMWOCA, has been applied, and continues to be applied, to Plaintiff and all

other Class members who have worked by Defendants' Papa John's Pizza stores in Montana.

77. Plaintiff and the Class are entitled to damages equal to 110% of the difference between the minimum wage and actual wages received after deduction for job-related expenses within the 180 days preceding the filing of the original Complaint, plus periods of equitable tolling. MMWOCA. MCA §§ 39-3-206 & 39-3-207.

78. Defendants are liable for Plaintiff's costs and reasonable attorney's fees incurred in this action. MCA §§ 39-3-214 & 39-3-407.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and request: (1) compensatory damages; (2) statutory damages pursuant to MCA §§ 39-3-407, 39-3-206 & 39-3-207; (3) attorneys' fees and costs as allowed by law; (4) pre- and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

**DATED**:      March 26, 2018                    Respectfully submitted,

By: */s/ William D'Alton*
William D'Alton (MT Bar No. 4246)
**D'ALTON LAW FIRM, P.C.**
**Counsel for Plaintiff, Mike Anderson**


By to be submitted *pro hac vice*:

Richard M. Paul III (MO Bar No. 44233)
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone:  (816) 984-8100
Rick@PaulLLP.com
**Counsel for Plaintiff, Mike Anderson**

Mark A. Potashnick (MO Bar No. 41315)
**WEINHAUS & POTASHNICK**
11500 Olive Boulevard, Suite 133
St. Louis, Missouri 63141
Telephone:  (314) 997-9150
Facsimile:   (314) 997-9170
markp@wp-attorneys.com
**Counsel for Plaintiff, Mike Anderson**