IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| MIKE ANDERSON, individually and on behalf of similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-00058 |
| MOUNTAIN VIEW PIZZA CO., BLACK HILLS PIZZA, INC., and CHOOSE THE RIGHT PIZZA, LLC, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Mountain View Pizza Co. ("Mountain View Pizza"), Black Hills Pizza, Inc. ("Black Hills Pizza"), and Choose the Right Pizza, LLC ("Choose the Right Pizza") (collectively, "Defendants") file this Answer and Affirmative and Other Defenses to the Complaint [Dkt. 1] ("Complaint") filed by Plaintiff Mike Anderson, individually and on behalf of similarly situated persons. In support of its Answer, Defendants respectfully state as follows:

**LIMITED GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny all factual allegations contained in the Complaint except those expressly admitted below.

## ANSWER TO PLAINTIFF'S ALLEGATIONS

In addition to their limited general denial, Defendants specifically respond to Plaintiff's factual allegations as follows (which correspond to the Complaint's numbered paragraphs):

1. Mountain View Pizza admits that it operates Papa John's Pizza franchise stores in Montana and Idaho. Black Hills Pizza admits that it operates Papa John's Pizza franchise stores in South Dakota. Choose the Right Pizza admits that it operates Papa John's Pizza franchise stores in Colorado. Defendants admit they employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. Defendants deny the remaining factual allegations contained in paragraph 1.

2. Defendants admit that Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") and the Montana Minimum Wage and Overtime Compensation Act ("MMWOCA"), but deny that Plaintiff is entitled to the relief sought, deny any violation of law, and deny the remaining factual allegations contained in paragraph 2.

### Jurisdiction and Venue

3. Defendants admit that this Court has jurisdiction over this claim brought under the FLSA. Defendants deny, however, any violation of the FLSA or

any other law, and Defendants deny the remaining factual allegations contained in paragraph 3.

4. Defendants admit that this Court has jurisdiction over this claim brought under the MMWOCA. Defendants deny, however, any violation of the MMOWCA or any other law, and Defendants deny the remaining factual allegations contained in paragraph 4.

5. Mountain View Pizza admits that Plaintiff has alleged acts occurring in this District and, as such, venue is proper in this Court. Black Hills Pizza and Choose the Right Pizza deny employing Plaintiff and deny operating Papa John's franchise stores in this District and Division. Defendants also deny any violation of the FLSA, the MMWOCA, or any other law, and deny the remaining factual allegations contained in paragraph 5.

## Parties

6. Mountain View Pizza admits that it is a Montana corporation maintaining its principal place of business in Montana. Mountain View Pizza further admits that it has operated Papa John's Pizza stores within this District. Defendants lack sufficient information or knowledge to admit or deny the remaining factual allegations in paragraph 6. As such, Defendants deny the remaining factual allegations in paragraph 6.

7. Black Hills Pizza admits it is a South Dakota corporation. Defendants deny the remaining factual allegations in paragraph 7.

8. Choose the Right Pizza admits it is a Colorado limited liability company. Defendants deny the remaining factual allegations in paragraph 8.

9. Defendants deny the factual allegations in paragraph 9.

10. Defendants deny the factual allegations in paragraph 10.

11. Defendants deny the factual allegations in paragraph 11.

12. Mountain View Pizza admits that it has employed Plaintiff Mike Anderson since approximately January 2015 as a delivery driver at its Papa John's Pizza store located in Billings, Montana. Black Hills Pizza and Choose the Right Pizza deny employing Plaintiff Mike Anderson. Defendants deny the remaining factual allegations in paragraph 12.

## General Allegations

### *Defendants' Business*

13. Mountain View Pizza admits that it operates Papa John's Pizza franchise stores in Montana and Idaho. Black Hills Pizza admits that it operates Papa John's Pizza franchise stores in South Dakota. Choose the Right Pizza admits that it operates Papa John's Pizza franchise stores in Colorado. Defendants deny the remaining factual allegations in paragraph 13.

14. Defendants admit they employ delivery drivers whose job duties include delivering pizzas and other food items to customers' homes or workplaces. Defendants deny the remaining factual allegations in paragraph 14.

*Defendants' Flawed Automobile Reimbursement Policy*[1]

15. Defendants admit that delivery drivers are required to comply with applicable law, including the maintenance of safe, legally operable, and insured automobiles, when delivering pizza and other food items. Defendants deny the remaining factual allegations in paragraph 15.

16. Defendants lack sufficient information or knowledge to admit or deny the factual allegations in paragraph 16. As such, Defendants deny the factual allegations in paragraph 16.

17. Defendants admit that delivery drivers are reimbursed. Defendants deny the remaining factual allegations in paragraph 17.

18. Defendants deny the factual allegations in paragraph 18.

19. Defendants admit the IRS business mileage reimbursement rate has ranged between $.535 and $.575 per mile. Defendants lack sufficient information

---

[1] Defendants state that they have included the headings contained in Plaintiff's Complaint in this Answer solely for ease of reference. To the extent any of these headings could be construed as factual allegations, Defendants deny all such factual allegations.

or knowledge to admit or deny the remaining factual allegations in paragraph 19. As such, Defendants deny the remaining factual allegations in paragraph 19.

20. Defendants lack sufficient information or knowledge to admit or deny the factual allegations in paragraph 20. As such, Defendants deny the factual allegations in paragraph 20.

21. Defendants deny the factual allegations in paragraph 21.

22. Defendants deny the factual allegations in paragraph 22.

23. Defendants deny the factual allegations in paragraph 23.

24. Defendants deny the factual allegations in paragraph 24.

***Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

25. Defendants deny the factual allegations in paragraph 25.

26. Defendants lack sufficient information or knowledge to admit or deny the factual allegations in paragraph 26. As such, Defendants deny the factual allegations in paragraph 26.

27. Paragraph 27 does not contain any factual allegations for Defendants to admit or deny. If an answer be nonetheless required, Defendants deny the factual allegations in paragraph 27.

28. Paragraph 28 does not contain any factual allegations for Defendants to admit or deny. If an answer be nonetheless required, Defendants deny the factual allegations in paragraph 28.

29. Defendants lack sufficient information or knowledge to admit or deny the factual allegations in paragraph 29. As such, Defendants deny the factual allegations in paragraph 29.

30. Defendants lack sufficient information or knowledge to admit or deny the factual allegations in paragraph 30. As such, Defendants deny the factual allegations in paragraph 30.

31. Defendants lack sufficient information or knowledge to admit or deny the factual allegations in paragraph 31. As such, Defendants deny the factual allegations in paragraph 31.

32. Defendants lack sufficient information or knowledge to admit or deny the factual allegations in paragraph 32. As such, Defendants deny the factual allegations in paragraph 32.

33. Defendants admit only that the IRS business mileage reimbursement rate has been $.535 per mile. Defendants lack sufficient information or knowledge to admit or deny the remaining factual allegations in paragraph 33. As such, Defendants deny the remaining factual allegations in paragraph 33.

34. Defendants lack sufficient information or knowledge to admit or deny the factual allegations in paragraph 34. As such, Defendants deny the factual allegations in paragraph 34.

35. Defendants lack sufficient information or knowledge to admit or deny the factual allegations in paragraph 35. As such, Defendants deny the factual allegations in paragraph 35.

36. Defendants deny the factual allegations in paragraph 36.

37. Defendants deny the factual allegations in paragraph 37.

38. Defendants admit that the actual reimbursements to delivery drivers varies over time and location. Defendants deny the remaining factual allegations in paragraph 38.

39. Defendants deny the factual allegations in paragraph 39.

*Overall Result of Defendants' Wage and Hour Practices*

40. Defendants deny the factual allegations in paragraph 40.

### Collective Action Allegations

41. Defendants admit that Plaintiff brings his claim under the FLSA and purports to represent a putative collective, but deny any violation of the FLSA or any other law, deny that the putative collective should be certified, and deny the remaining factual allegations in paragraph 41.

42. Defendants admit that Plaintiff brings his claim under the FLSA and purports to represent a putative collective, but deny any violation of the FLSA or any other law, deny that the putative collective should be certified, and deny the remaining factual allegations in paragraph 42.

43. Defendants deny the factual allegations in paragraph 43.

## Class Allegations

44. Defendants admit that Plaintiff purports to bring a class action under Rule 23 of the Federal Rules of Civil Procedure but deny that the putative class should be certified and deny the remaining factual allegations in paragraph 44.

45. Defendants admit that Plaintiff purports to bring a class-wide claim under state law but deny that the putative class should be certified and deny the remaining factual allegations in paragraph 45.

46. Defendants deny the factual allegations in paragraph 46 and deny that the putative class should be certified.

47. Defendants deny the factual allegations in paragraph 47 and deny that the putative class should be certified.

48. Defendants deny the factual allegations in paragraph 48 and deny that the putative class should be certified.

49. Defendants deny the factual allegations in paragraph 49 and deny that the putative class should be certified.

50. Defendants deny the factual allegations in paragraph 50 and deny that the putative class should be certified.

51. Defendants deny the factual allegations in paragraph 51 and deny that the putative class should be certified.

52. Defendants deny the factual allegations in paragraph 52 and deny that the putative class should be certified.

53. Defendants deny the factual allegations in paragraph 53 and deny that the putative class should be certified.

### Count I: Violation of the FLSA
### by Under-Reimbursing Vehicle Costs

54. Paragraph 54 does not contain any factual allegations for Defendants to admit or deny. If an answer be nonetheless required, Defendants deny the factual allegations in paragraph 54 and incorporate their responses to all paragraphs above.

55. Paragraph 55 does not contain any factual allegations for Defendants to admit or deny. If an answer be nonetheless required, Defendants deny the factual allegations in paragraph 55.

56. Defendants admit they are subject to the FLSA's minimum wage requirements. Defendants deny the remaining factual allegations in paragraph 56.

57. Defendants deny the factual allegations in paragraph 57 and deny that the putative collective should be certified.

58. Defendants admit that Section 13 of the FLSA exempts certain categories of employees from federal minimum wage obligations. Defendants deny the remaining factual allegations in paragraph 58 and deny that the putative collective should be certified.

59. Paragraph 59 does not contain any factual allegations for Defendants to admit or deny. If an answer be nonetheless required, Defendants deny the factual allegations in paragraph 59.

60. Defendants deny the factual allegations in paragraph 60.

61. Defendants deny the factual allegations in paragraph 61.

62. Defendants deny the factual allegations in paragraph 62.

63. Defendants deny the factual allegations in paragraph 63.

64. Defendants deny the factual allegations in paragraph 64.

65. Defendants deny the factual allegations in paragraph 65.

66. Defendants deny the factual allegations in paragraph 66 and deny any factual allegations in the "Wherefore" paragraph following it.

### Count II:  Violation of the Montana Minimum Wage and Overtime Compensation Act

67. Paragraph 67 does not contain any factual allegations for Defendants to admit or deny. If an answer be nonetheless required, Defendants deny the factual allegations in paragraph 67 and incorporate their responses to all paragraphs above.

68. Defendants deny the factual allegations in paragraph 68.

69. Defendants deny the factual allegations in paragraph 69.

70. Defendants deny the factual allegations in paragraph 70.

71. Defendants deny the factual allegations in paragraph 71.

72. Defendants admit that the MMWOCA exempts certain categories of employees from Montana's minimum wage and other obligations. Defendants deny the remaining factual allegations in paragraph 72 and deny that the putative class should be certified.

73. Paragraph 73 does not contain any factual allegations for Defendants to admit or deny. If an answer be nonetheless required, Defendants deny the factual allegations in paragraph 73.

74. Paragraph 74 does not contain any factual allegations for Defendants to admit or deny. If an answer be nonetheless required, Defendants deny the factual allegations in paragraph 74.

75. Defendants deny the factual allegations in paragraph 75.

76. Defendants deny the factual allegations in paragraph 76.

77. Defendants deny the factual allegations in paragraph 77.

78. Defendants deny the factual allegations in paragraph 78 and deny any factual allegations in the "Wherefore" paragraph following it.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Subject to and without waiving the general denial above, and without conceding that they bear the burden of proof as to any issue, Defendants assert the following affirmative and other defenses to some or all of Plaintiff's claims and/or damage requests, each in the alternative and to the extent necessary and applicable:

2. Plaintiff fails to state a claim upon which relief may be granted.

3. Defendants deny all averments in the Complaint except those expressly admitted in this Answer.

4. Defendants were not employers as defined by the FLSA.

5. Plaintiff's claim cannot be maintained as a collective action under the FLSA because he is not similarly situated to the other members of the putative collective he purports to represent, the existence of which is expressly denied; and, therefore, Plaintiff is an inadequate representative of the putative collective members.

6. Plaintiff's action cannot be maintained as a collective action or class action because the requirements for such an action cannot be met under the facts pleaded.

7. Plaintiff's action cannot be maintained as a collective action or class action because the allegations, facts, and defenses relating to Plaintiff separately and individually will not support a collective action.

8. Plaintiff lacks standing to raise some or all of his claims and/or the claims of the members of the putative class and/or collective he purports to represent against Defendants.

9.    Plaintiff lacks standing to raise some or all of his collective action or class action claims because such claims are subject to dismissal under the first-to-file doctrine.

10.    The Complaint is barred because Plaintiff and/or all or some members of the putative collective or class he purports to represent are exempt from the overtime requirements of the FLSA or the MMWOCA under the administrative exemption, executive exemption, outside sales exemption, combination exemption, and/or the Motor Carrier Act.

11.    Plaintiff and/or members of the putative collective or class he purports to represent are precluded from recovering any amounts from Defendants where his employer paid Plaintiff and/or members of the putative collective or class all sums legally due under the FLSA and MMWOCA.

12.    Any bonuses Plaintiff or other putative collective or class members received were discretionary in nature and need not be included in the regular rate.

13.    Because liability and/or damages, if any, to Plaintiff and each member of the putative collective or class he purports to represent may not be determined by a single jury and/or on a group-wide basis, allowing this action to proceed as a collective action or class action would violate Defendants' rights under, without limitation, the Seventh and Fourteenth Amendments to the United States Constitution.

14. Some or all of the disputed time for which Plaintiff and/or members of the putative collective or class he purports to represent seek recovery of wages allegedly owed is not compensable pursuant to the *de minimis* doctrine.

15. The claims of Plaintiff and/or members of the putative collective or class he purports to represent are barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours that Plaintiff and/or members of the putative collective or class were engaged in activities that were preliminary and/or postliminary to their principal activities.

16. The claims of Plaintiff and/or members of the putative collective or class he purports to represent are barred by the applicable statutes of limitation governing commencement of suit and/or recovery of relief of any nature, legal or equitable, or otherwise available under the FLSA or MMWOCA, including, without limitation, unpaid overtime wages, liquidated damages, prejudgment interest, and attorneys' fees and costs.

17. The claims of Plaintiff and/or members of the putative collective or class he purports to represent for relief are barred to the extent the relief sought by Plaintiff and/or members of the putative collective or class he purports to represent exceed that available under the statutes and/or regulations under which Plaintiff brings suit.

18. The claims of Plaintiff and/or members of the putative collective or class he purports to represent are subject to setoff, offset, and/or recoupment. To the extent the Court finds Plaintiff and/or members of the putative collective or class he purports to represent are owed unpaid overtime wages, when calculating how much money is owed, Defendants are entitled to set-off overpayments in the work periods where Plaintiffs was paid more than was owed.

19. Defendants' actions were not intentionally or willfully devised, nor did they operate, to violate the requirement of the statutes and/or regulations at issue.

20. Defendants' actions were not undertaken with reckless disregard for the requirements of the statutes and/or regulations at issue.

21. This Court lacks personal jurisdiction over Black Hills Pizza and Choose the Right Pizza because they do not operate stores within this District nor within the State of Montana.

22. All actions or omissions, if any, were in good faith and based on good cause and on reasonable grounds for believing that Defendants were complying with the FLSA and MMWOCA (where applicable).

23. The claims of Plaintiff and/or members of the putative collective or class he purports to represent are barred because Defendants have at all times acted reasonably and in good faith.

24. The Complaint and each and every purported cause of action contained therein are barred in whole or in part to the extent that Plaintiff was paid all money due to him and the putative collective or class he purports to represent.

25. The claims of Plaintiff and/or members of the putative collective or class he purports to represent are barred by the doctrine of estoppel. To the extent the evidence shows Plaintiff and/or members of the putative collective or class he purports to represent may have misled his employer about the working hours or compensable activities, Plaintiff and/or members of the putative collective or class he purports to represent should not profit from these actions.

26. The request of Plaintiff and/or members of the putative class or collective he purports to represent for jury trial is barred as to those claims for which no jury trial is available, such as injunctive and declaratory relief.

27. Plaintiff's employer did not suffer or permit work by Plaintiff or any of the putative collective or class members he purports to represent without appropriate compensation.

28. To the extent Plaintiff and/or members of the putative collective or class he purports to represent worked any uncompensated time, his employer lacked actual or constructive knowledge of such work.

29. All or part of the time for which Plaintiff and/or members of the putative collective or class he purports to represent seeks compensation does not constitute compensable working time.

30. The claims of Plaintiff and/or members of the putative collective or class he purports to represent are barred, in whole or in part, by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

31. Defendants request that Plaintiff and/or members of the putative collective or class he purports to represent specifically plead the amount of damages he is seeking.

32. Defendants give notice that they intend to rely on such affirmative and other defenses as may become available or apparent during the course of discovery in this case. Defendants reserve the right to amend their Answer; to add additional affirmative or other defenses; to delete or withdraw affirmative or other defenses; and to add such counterclaims as may become necessary after a reasonable opportunity for discovery.

WHEREFORE, Defendants respectfully pray that on trial or other appropriate hearing, the Court grant a take nothing judgment in favor of Defendants and dismiss all of Plaintiff's causes of action with prejudice. Defendants further seek any other relief, including attorneys' fees where applicable, to which it shows itself to be justly entitled.

DATED:  May 4, 2018		Respectfully submitted,

*s/ Veronica von Grabow*
Veronica T. von Grabow, MT #38832145
JACKSON LEWIS P.C.
950 17th Street, Suite 2600
Denver, CO 80202
Telephone:  (303) 892-0404
Facsimile:  (303) 892-5575
Veronica.vonGrabow@jacksonlewis.com

William R. Stukenberg
State Bar of Tex. No. 24051397
S.D. Tex. Bar No. 55792
JACKSON LEWIS P.C.
1415 Louisiana, Suite 3325
Houston, TX  77002-7332
Telephone:  (713) 650-0404
Facsimile:  (713) 650-0405
William.Stukenberg@jacksonlewis.com


ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May, 2018, a true and accurate copy of the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT** was filed electronically via the court's CM/ECF electronic filing system which will send a notice of electronic filing to the following:


William D'Alton
D'Alton Law Firm, P.C.
P.O. Box 702
Billings, MT 59103
bill@daltonlawpc.com

Richard M. Paul III
PAUL LLP
601 Walnut Street, Suite 300
Kansas City, MO 64106
Rick@PaulLLP.com

Mark A. Potashnick
WEINHAUS & POTASHNICK
11500 Olive Boulevard, Suite 133
St. Louis, MO 63141
markp@wp-attorneys.com


ATTORNEYS FOR PLAINTIFF


*s/ Veronica von Grabow*
*Of Jackson Lewis PC*