IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MIKE ANDERSON, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>MOUNTAIN VIEW PIZZA CO., BLACK HILLS PIZZA, INC., and CHOOSE THE RIGHT PIZZA, LLC,<br><br>Defendants. | CV 18-58-BLG-SPW-TJC<br><br>**ORDER GRANTING JOINT MOTION** |

The parties have filed a Joint Motion to Approve Stipulated Form of Notice of Collective Action and Stay Litigation Pending Mediation. (Doc. 55.) Plaintiff filed this action under the Fair Labor Standards Act ("FLSA") and requested that the case proceed as a collective action under 29 U.S.C. § 216(b). (Doc. 1.) Plaintiff alleges Defendants used a flawed method to determine reimbursement rates for drivers who use their own vehicles to deliver pizza and other food items to Defendants' customers. (*Id.*) Plaintiff asserts the Defendants' methodology provides such an unreasonably low reimbursement rate that the drivers' unreimbursed expenses cause their wages to fall below the applicable minimum wage. (*Id.*) Plaintiff seeks to recover unpaid minimum wages owed to himself and all similarly situated deliver drivers employed by Defendants. (*Id.*)

Employees pursing a FLSA action to recover unpaid minimum wages may bring the action "for and in behalf of [] themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike in class actions brought under Rule 23 of the Federal Rules of Civil Procedure, a putative plaintiff in a FLSA collective action must affirmatively opt in to the action. *Id.*

Neither the FLSA nor the Ninth Circuit have defined "similarly situated." But most courts within the Ninth Circuit and this district have adhered to a two-step certification procedure. *Casarotto v. Exploration Drilling, Inc.*, 2015 WL 8780050, *2 (D. Mont. Dec. 15, 2015). At step one, the court makes a preliminary determination whether to conditionally certify a class and send notice to potential class members. *Id.* "This is a lenient standard, and the 'usual result is conditional class certification.'" *Id.* (citing *Adams v. Inter-Con Sec. Sys., Inc.,* 242 F.R.D. 530, 536 (N.D. Cal. 2007). The second step occurs at the close of discovery, and is generally prompted by a motion for decertification filed by the defendant. *Id.*

Here, the parties have stipulated to conditionally certifying this case as a collective action under and FLSA. (Doc. 55 at ¶ 6.) They have also provided the court with a proposed notice to be sent to all current and former delivery drivers employed by Defendants within three years preceding the Court's order approving the notice. (*Id.*) The parties indicate that following issuance of the notice and expiration of the opt-in period, they intend to engage in mediation with a mediator.

*Id.* The parties request the Court continue to stay the case while they pursue mediation. *Id.* The parties agree that in the event the case does not settle, Plaintiff retains the burden to obtain final collective action certification, and that Defendants may file their own motion to decertify the collective action. *Id.*

Based on the stipulation of the parties, the Court finds good cause to conditionally certify this case as a collective action under 29 U.S.C. § 216(b) and permit notice to all putative class members of their opportunity to opt in. Accordingly, IT IS HEREBY ORDERED that the parties Joint Motion is GRANTED as follows:

1. Plaintiff's claim asserted under the Fair Labor Standards Act ("FLSA") is conditionally certified as a collective action;

2. The parties' agreed form of notice is approved for dissemination, per the parties' Joint Motion, to all current and former delivery drivers employed by Defendants within three years preceding the Court's Order approving notice plus periods of tolling, **with the exception that the caption at the top of the first page of the notice shall be corrected to read "UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA"**;

3. Defendants' stipulation to conditional certification shall not be construed as an admission that liability exists for any period of time, including but not limited to, the third year;

4. In the event this case does not settle, Plaintiff retains the burden to move for and obtain final collective action certification, and Defendants reserves the right to oppose that motion, and to file its own motion to decertify the collective action;

5. This litigation is stayed until August 1, 2019 to permit the parties to disseminate notice, disclose data and mediate;

6. Within 30 days of this Order, Defendant shall disclose information and data pursuant to the parties' Joint Motion to enable dissemination of the parties' agreed-upon notice;

7. Within 30 days of the close of the opt-in period, Defendants shall produce data pertaining to all opt-in Plaintiffs pursuant to the parties' Joint Motion;

8. The parties shall mediate within 30 days of Defendants' production of such data pertaining to all opt-in Plaintiffs;

9. Within 10 days of the conclusion of mediation, the parties shall report to the Court whether mediation was successful.

DATED this 13th day of February, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge