UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MIKE ANDERSON, individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNTAIN VIEW PIZZA CO., BLACK HILLS PIZZA, INC., and CHOOSE THE RIGHT PIZZA, LLC,<br><br>Defendants. | Case No. 1:18-cv-00058-SPW-TJC |

## ORDER APPROVING SETTLEMENT

AND NOW, this 28th day of April, 2020, upon consideration of and review of Plaintiff's Unopposed Motion for Approval of Collective Action Settlement and Memorandum in Support including the parties' Settlement Agreement attached thereto, and all other submissions and proceedings, it is hereby ORDERED as follows:

WHEREAS Mike Anderson, on behalf of himself and others similarly situated ("Named Plaintiff") has asserted claims against Mountain View Pizza Co., Black Hills Pizza, Inc. and Choose the Right Pizza, LLC ("Defendants") (collectively referred to as the "Parties") for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA");

WHEREAS the Court granted the Parties' joint motion stipulating to conditional FLSA collective action certification and approving the Parties' proposed notice to all putative opt-in plaintiffs;

WHEREAS Plaintiff then mailed the Court-approved notice to all delivery drivers who worked for Defendants within the past three years;

WHEREAS 109 delivery drivers, including Mr. Anderson (collectively "Drivers"), have filed consents to join this lawsuit which they have not withdrawn;

WHEREAS the Parties exchanged a significant amount of discovery, including payroll, delivery and reimbursement records for each Driver that showed their employment dates, number of deliveries performed, and reimbursements received during the class period;

WHEREAS the Parties have considered and evaluated their respective positions in light of relevant statutes and case law and, after extensive confirmatory discovery into the scope, nature and value of the claims presented;

WHEREAS the Parties participated in extensive, arm's-length settlement negotiations overseen by an experienced mediator and subsequent direct negotiations;

WHEREAS the Parties' efforts have resulted in a proposed resolution commemorated in their Settlement Agreement;

WHEREAS Defendants, in exchange for the mutual promises, releases, and consideration described in the Settlement Agreement, have agreed to pay a total of

$215,000.00 to fully and finally resolve and satisfy any and all claims by the Drivers asserted in this litigation, inclusive of attorney's fees, costs and service awards;

WHEREAS the Court has carefully reviewed and considered the terms of the Settlement Agreement, all written submissions of the Parties, and all other submissions and proceedings; and

**IT IS HEREBY ORDERED THAT:**

1. The Parties' proposed settlement is entitled to a presumption of fairness because: 1) the settlement negotiations occurred at arm's length; 2) there was sufficient discovery for both sides to evaluate the nature, scope and value of the claims; and 3) the proponents of the settlement are experienced in similar litigation.

2. This Court hereby APPROVES the settlement because it is a fair and reasonable compromise of a *bona fide* dispute. The Parties have sufficiently demonstrated that the settlement is fair and reasonable considering the complexity, expense and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the risks of decertification; uncertainty regarding the ability of the Defendants to withstand a greater judgment; and the range of reasonableness of the settlement amount in light of the best possible recovery and all the attendant risks of litigation.

3. This Court hereby APPROVES the proposed $215,000.00 settlement amount as set out in the Settlement Agreement as fair, reasonable and adequate because the Parties' proposed calculations will cause each Driver to receive their proportionate share of the settlement amount, representing a reasonable percentage of the maximum damages claimed in a likely "best-case" scenario in light of the risks of continued litigation.

4. This Court hereby APPROVES the proposed $2,500.00 incentive award to be provided to the Named Plaintiff as set out in the Settlement Agreement as fair, reasonable and adequate compensation for his efforts expended to bring and support this litigation and facilitate the Parties' discovery efforts and settlement negotiations.

5. This Court hereby APPROVES the proposed $71,666.67, which represents 1/3 of the settlement amount, for Plaintiffs' Counsels' attorneys' fees and costs as set out in the Settlement Agreement, as fair, reasonable and adequate based on consideration of each of the relevant factors, including the size of the settlement amount and the quality of the result reached in this litigation, the absence of objections from Drivers, the skill, efficiency and expertise of Plaintiffs' Counsel, the complexity and duration of this litigation, the risk of non-payment that Plaintiffs' Counsel assumed, the reasonableness of the requested fee as a percentage of the total settlement amount, the amount of time Plaintiffs' Counsel devoted to the case, and

comparison of the total lodestar Plaintiffs' Counsel accumulated in the litigation of these claims at their reasonable hourly rates.

6. This Court hereby GRANTS Plaintiffs' Unopposed Motion for Approval of a Collective Action Settlement and directs the Clerk to mark this matter DISMISSED WITH PREJUDICE; and

7. Without affecting the finality of this Order, this Court will retain jurisdiction to enforce the terms of this Settlement Agreement and preside over any issues flowing from distribution of the settlement amount.

Dated this 28th day of April, 2020.

*Susan P. Watters*

SUSAN P. WATTERS
United States District Judge